IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEBRA LOVINS-KAPLER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 11-0961-CV-W-SOW |
| TEVA PHARMACEUTICALS, USA, INC., et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiffs Debra Lovins-Kapler's and Susan Logsdon's Motion to Remand (Doc. #7). For the following reasons, remand is hereby granted.

### I. Background

This is a products liability case. Plaintiffs, citizens of Missouri, filed their original Petition in state court on October 13, 2010. Plaintiffs allege they sustained injuries – specifically, tardive dyskinesia[1] and/or other neurological injuries – after ingesting the generic drug metoclopramide[2], which is manufactured, sold, and labeled by defendant Teva Pharmaceuticals, USA, Inc. ("Teva"), a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania. According to plaintiffs, defendant Teva Neuroscience, Inc. ("TNI") formerly provided pharmacovigilance services to Teva and has its principal place of business in Missouri and

---

[1] According to plaintiffs' Second Amended Petition, tardive dyskinesia is a "neurological disorder that often results in involuntary and uncontrollable movements of the head, neck, face, arms legs and trunk, in addition to facial grimacing, uncontrollable tongue movements and other involuntary movements."

[2] Metoclopramide is also known by the brand name Reglan.

thus it is considered a Missouri citizen. See 28 U.S.C. § 1332(d)(1) (corporation shall be deemed citizen of any state by which it is incorporated and of the state where it has its principal place of business).

Plaintiffs allege, among other things, that defendants failed to warn physicians and/or patients about the side effects of metoclopramide by means of publishing approved product labeling in the Physician's Desk Reference, disseminating package inserts or outserts to prescribing doctors, by sending "Dear Doctor Letters," or by other similar means.[3]

According to plaintiffs' Second Amended Petition, defendants were engaged in the business of researching, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, labeling, packaging and/or selling, either directly or indirectly, the generic drug metoclopramide. Plaintiffs state that TNI had the primary responsibility with regard to drug safety operations involving metoclopramide, which included: (1) complying with drug safety and/or pharmacovigilance regulations, (2) ensuring that all drug safety information was fully and timely reported to the right processing unit within the Teva corporation, and (3) ensuring that all relevant drug safety information was timely reported to respective authorities within the United States, including the FDA, in the correct format. The Second Amended Petition alleges that it took the "concerted efforts of both defendants to sell and keep metoclopramide on the market legally," because both defendants "systematically and continuously" participated in activities necessary for compliance with state and federal law applicable to their sale of metoclopramide.

---

[3] Plaintiffs' Second Amended Petition contains six counts: (1) strict liability for inadequate warning; (2) negligence for failure to exercise reasonable care, ordinary care, pharmacovigilance, and failure to warn; (3) breach of express warranty; (4) breach of implied warranty; (5) violation of the Missouri Merchandising Practices Act ("MMPA"), and (6) punitive damages.

On September 23, 2011, Teva removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its notice of removal, Teva contends that federal jurisdiction is proper in that diversity of citizenship exists among all properly joined parties, and the amount in controversy exceeds $75,000.00. Teva contends that the Missouri citizenship of TNI should be disregarded as it was fraudulently joined. Specifically, Teva contends that plaintiffs cannot state any colorable claims against TNI for failing to mail or update labels. Plaintiffs move the Court to remand this case back to the Circuit Court of Jackson County, Missouri, at Independence, on the basis that TNI was not fraudulently joined in an attempt to defeat diversity jurisdiction, and further, that Teva's notice of removal was untimely.

## II. Standard

Federal courts are courts of limited jurisdiction and only have power to hear cases authorized to be heard by the Constitution or Congress. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction in diversity cases, or civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A defendant may remove a civil action from state court to federal court based on diversity jurisdiction only if none of the properly joined defendants are citizens of the state in which the original action was filed. 28 U.S.C. § 1441(b). An out-of-state defendant's right "to remove a diversity suit to federal court cannot be defeated by a fraudulent joinder of a resident defendant." Simpson v. Thomure, 484 F.3d 1081, 1083 (8th Cir. 2007) (quotations and citation omitted). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010) (citing Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003)). "When

-3-

determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant." Id. The citizenship of a fraudulently joined party is not considered in determining whether diversity of citizenship exists. Hayes v. Rad Transp., Inc., No. 10-0787-CV-W-ODS, 2010 WL 3807052, at *1 (W.D. Mo. Sept. 23, 2010).

The removing defendant, as the party invoking diversity jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied and that removal is appropriate. See In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993); Brand v. Kan. City Gastroenterology & Hepatology, LLC, 547 F. Supp. 2d 1001, 1003 (W.D. Mo. 2008). The Court resolves all doubts about federal jurisdiction in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). If the Court lacks jurisdiction, the case must be remanded back to state court. 28 U.S.C. § 1447(c).

In addition to the substantive requirements for removal to federal court, the party seeking removal must comply with certain procedural requirements. A defendant has a right to remove "any action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The defendant must file a Notice of Removal within thirty days of being served with the initial pleading. 28 U.S.C. § 1446(b). If the suit is not removable at the time of filing but becomes removable later, the notice of removal must be filed within 30 days after the defendant's receipt, "through service or otherwise," of a copy of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case has become removable. Id.; Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007). The time limit is mandatory and is strictly construed in favor of state court jurisdiction. See McHugh v. Physicians

Health Plan of Greater St. Louis, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If the defendant fails to timely file the Notice of Removal, the defendant's right to remove is foreclosed. Id.

III. Discussion

Plaintiffs argue this case should be remanded because Teva's Notice of Removal was untimely. More specifically, plaintiffs contend that it was ascertainable from the time the original Petition was filed that TNI was fraudulently joined because TNI filed three motions to dismiss claiming it wasn't a proper party to this action, and thus Teva should have removed the case within thirty days of the original Petition.

Plaintiffs' original Petition was filed in state court on October 13, 2010. The original Petition, with the exception of a strict liability claim for failure to warn, stated claims similar to the ones contained in the Second Amended Petition. Plaintiffs amended their Petition on March 2, 2011. And after the Supreme Court decided PLIVA, Inc. v. Mensing, 131 S.Ct. 2567 (2011), plaintiffs sought leave to file a Second Amended Petition. Plaintiffs filed their Second Amended Petition on August 25, 2011, and defendants moved to dismiss plaintiffs' Second Amended Petition on September 12, 2011. Thereafter, Teva removed this case on September 23, 2011. The parties disagree both about (1) whether TNI was fraudulently joined, and (2) whether Teva's notice of removal was timely filed. Because the Court finds that removal was untimely, the Court need not address Teva's argument that this Court has diversity jurisdiction because TNI was fraudulently joined.

*A. Teva's Notice of Removal Was Untimely*

The statute governing timeliness of removal, 28 U.S.C. § 1446(b), provides:

-5-

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

28 U.S.C. § 1446(b). The requirements set forth in Section 1446(b) are procedural, rather than jurisdictional. McHugh, 953 F. Supp. at 299 (citation omitted). Accordingly, a defendant who fails to remove a removable case within the thirty-day time period waives the right to remove at a later date. Id. (citation omitted).

Plaintiffs argue that removal was untimely in that defendants should have raised the allegation that TNI was fraudulently joined sometime in October 2011 when the case was initiated. Plaintiffs argue that because TNI filed three motions to dismiss, arguing that it was not a proper party, Teva had reason to know that the case was removable since the case's inception.

Teva, however, states that plaintiff's original Petition and First Amended Petition were similar in nature to a decision from the Eastern District of Missouri, Hutton v. Teva Neuroscience Inc., No. 4:08-cv-1010-CEJ, 2008 WL 4862773 (E.D. Mo. Nov. 7, 2008), where the court *sua sponte* determined that similar failure to warn claims against TNI were "colorable." Thus, Teva claims that plaintiffs' Second Amended Petition was the event that caused the case to become removable because whatever colorable claims plaintiffs may have initially had against TNI (i.e. negligent pharmacovigilance) they no longer existed in the Second Amended Petition.

In reply, plaintiffs argue that their Second Amended Petition did not add a new cause of

-6-

Case 4:11-cv-00961-SOW   Document 23   Filed 01/24/12   Page 6 of 9

action and that it simply eliminated one of two strict liability counts and kept the other counts the same.

For guidance, the Court finds the Eighth Circuit's decision in Dahl particularly helpful in determining when Teva could have "ascertained" that this case was removable. In Dahl, the Eighth Circuit examined, among other things, what Congress meant by the term "ascertain" in Section 1446(b). 478 F.3d at 970. The Eighth Circuit addressed whether a decision regarding federal officer jurisdiction in a different case could support removal as an "order or other paper from which it may be ascertained that the case is one which is or has become removable. Id. at 968. The Eighth Circuit, in deciding the issue, reasoned:

> R.J. Reynolds knew about the district court decision in Watson and concedes that it was similarly situated to Philip Morris, but it did not assert federal officer jurisdiction in this case until September 2005. It had nevertheless alleged federal officer jurisdiction in Corolla in January 2005. *The fact that the district court in Corolla had not seen the issue the same as the Watson district court does not mean that R.J. Reynolds had not ascertained that federal officer jurisdiction was a non-frivolous argument prior to September 2005. Congress was aware that there could be disputed issues of jurisdictional grounds for removal but it required in § 1446(a) only that notices of removal comply with the Rule 11 standard and thus be 'warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law.'* Fed. R. Civ. Pro. 11. Given the circumstances here, we conclude that it was already ascertainable that federal officer jurisdiction *could* be a basis for removal at the time R.J. Reynolds first attempted to remove the complaint in this case.

Id. at 970 (emphasis added) (internal footnote and quotation marks omitted).

In arguing that this case was non-removable, Teva relies heavily on the fact that a court in the Eastern District of Missouri determined that similar claims against TNI were colorable. See Hutton, 2008 WL 4862733, at *2 ("Plaintiff alleges, inter alia, that defendants issued inadequate post-marketing warning to the medical community. The Court finds that plaintiff has stated a colorable claim for failure to warn against defendant TNI."). The Court does not find Teva's

-7-

argument persuasive. Hutton is not binding on this Court and, in fact, provides little assistance to Teva. As the Eighth Circuit explains in Dahl, the fact that another district court sees an issue differently, does not mean Teva could not ascertain that fraudulent joinder was a non-frivolous argument prior to plaintiffs filing their Second Amended Petition. Given that Teva was aware of TNI consistently maintaining that it was not a proper party to this action, the Court finds that Teva *could* have ascertained that fraudulent joinder was a non-frivolous argument that *could* have been a basis for removal at the time it received plaintiffs' original Petition.

Even if the Court found that Teva timely removed this case, the Court would still remand the case, as the Court finds there are *colorable* claims against TNI. First, Teva has failed to establish that the claims related to providing doctors with notice is foreclosed by Missouri Supreme Court precedent. Second, while the theory advanced by plaintiffs may be novel, there is no evidence that Missouri courts would not expand the law in this area if given the opportunity. See Filla, 336 F.3d at 810 ("if there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder.").

## B. *Attorneys' Fees*

Plaintiffs have also requested attorneys' fees and costs incurred in bringing the motion to remand. Pursuant to 28 U.S.C § 1447(c), an order remanding a case may require payments of just costs, including attorney's fees, at the Court's discretion. McHugh, 953 F. Supp. at 301 (citations omitted). It is well-settled that courts may award attorney's fees under 28 U.S.C. 1447(c) only where the removing party lacks an objectively reasonable basis for seeking removal. Major Cadillac, Inc. v. Gen. Motors Corp., No. 07-0868-CV-W-FJG, 2008 WL 482398, at *5 (W.D. Mo. Feb. 19, 2008) (citation omitted). Here the Court is sympathetic to plaintiffs because, as the Court

perceives it, this removal by Teva was nothing more than a blatant stall tactic. That said, however, if the Court were to award attorneys' fees to plaintiffs, Teva could appeal the Court's decision to award attorneys' fees (but not the Court's Order remanding the case) and further prolong this litigation by forcing a continuance of the state court trial setting of February 6, 2012 . Rather than award attorneys' fees, the Court believes that the trial should proceed as scheduled. Therefore, the Court declines to award plaintiffs attorneys' fees and costs.

## IV. Conclusion

Accordingly, it is hereby

ORDERED that plaintiffs Debra Lovins-Kapler and Susan Logsdon's Motion to Remand (Doc. #7) is granted. This case is hereby remanded to the Circuit Court of Jackson County, Missouri, at Independence for all further proceedings. It is further

ORDERED that defendant Teva Neuroscience Inc.'s Motion for Summary Judgment as to plaintiff Susan Logsdon (Doc. #17) is denied as moot. It is further

ORDERED that defendant Teva Pharmaceuticals USA, Inc's Motion for Summary Judgment as to plaintiff Susan Logsdon (Doc. #19) is denied as moot.

    /s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

DATED: January 24, 2012